**HIAWATHA AVIATION OF
ROCHESTER, INC.,
Respondent,**

v.

**MINNESOTA DEPARTMENT OF
HEALTH, Petitioner, Relator.**

No. C3–85–481.

Supreme Court of Minnesota.

July 11, 1986.

---

Hubert H. Humphrey, III, Atty. Gen., Audrey Kaiser Manke, Sp. Asst. Atty. Gen., Minneapolis, for relator.

Donald C. Willeke, Minneapolis, for respondent.

COYNE, Justice.

Hiawatha Aviation of Rochester, Inc. appealed from the Commissioner of the Department of Health's denial of its application for a license to operate a scheduled air ambulance service. The court of appeals held that the state's licensing procedure was unlawful because of federal preemption. We agree and affirm.

On November 14, 1983, Hiawatha applied for a license to operate a life support transportation service, specifically an air ambulance, under Minn.Stat. § 144.802 (1982). Hiawatha sought the license to provide advanced life support and basic life support on a scheduled, i.e., non-emergency basis. Pursuant to Minn.Stat. § 144.802, subd. 3(c), a hearing was held on January 26, 1984 before the Director of the State Health Planning and Development Agency (hereinafter Agency). Based on the application and the testimony and exhibits admitted at the hearing, the Agency recommended to the commissioner that the application be denied. On April 12, 1984, the commissioner issued her determination adopting the Agency recommendation and denying the application.

Hiawatha reapplied on August 13, 1984 with the same result. After a hearing and a recommendation of denial by the Agency, the commissioner denied the second application. Hiawatha appealed this decision to the court of appeals. Relying on 49 U.S.C. § 1305(a)(1) (1982), that court found the attempt by the state to control the entry into air ambulance service by licensing to be preempted by the Federal Aviation Act of 1958. *Hiawatha Aviation of Rochester, Inc. v. Minnesota Department of Health,* 375 N.W.2d 496 (Minn.App.1985). Section 1305(a)(1) states in pertinent part:

[N]o State or political subdivision thereof and no interstate agency or other political agency of two or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating

to rates, routes, or services of any air carrier having authority under subchapter IV of this chapter to provide air transportation.

*Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 95, 103 S.Ct. 2890, 2899, 77 L.Ed.2d 490 (1983), a recent case dealing with an express preemption clause, declared that when deciding a preemption issue, "our task is to ascertain Congress' intent in enacting the federal statute at issue." The commissioner argues that it is not clear from the statute that Congress' intent included preempting the states from regulating entry into the air ambulance field.

 Subchapter IV of Title 49, referenced in the preemption section, refers to 49 U.S.C. §§ 1371–89. Those sections deal with the economic regulation of air carriers. Section 1371(e)(6) provides that "[a]ny air carrier, other than a charter air carrier, may perform charter trips * * * or any other special service, without regard to the points named in its certificate, or the type of service provided therein, under regulations prescribed by the [Civil Aeronautics] Board." One type of "other special service" for which the CAB has prescribed regulations is air taxi operations. The provisions of 14 C.F.R. § 298 (1986) exempt air taxi operators from some of the requirements of subchapter IV of Title 49 while imposing other requirements. Section 298.21 imposes filing requirements using a registration form asking for information, including: "The type of service the carrier will offer (scheduled passenger, scheduled cargo, mail under a United States Postal Service contract, on-demand passenger, on-demand cargo, or other service *such as air ambulance operations*, firefighting or seasonal operations)." 14 C.F.R. § 298.21(c)(1)(iv) (emphasis added). If an air carrier registers under 14 C.F.R. § 298 to operate as an air taxi and is authorized by the CAB to provide an air ambulance service to an area including a portion of Min-

nesota, then the statement that a license from the state is required before that authority can be exercised would be directly contrary to 49 U.S.C. § 1305(a). Our ruling that the state is preempted from controlling entry into the field of air ambulance service does not, however, oust the state from its traditional role in the delivery of medical services—the regulation of staffing requirements, the qualifications of personnel, equipment requirements, and the promulgation of standards for maintenance of sanitary conditions.[1]

Our decision on the preemption question in this case makes it unnecessary to address any other issues raised by the parties concerning alleged procedural defects in the hearing or decisional process below. Criteria for issuance of a license under Minn.Stat. § 144.802 are fully discussed in *Twin Ports Convalescent, Inc. v. Minnesota State Board of Health*, 257 N.W.2d 343 (Minn.1977).

Because Minnesota is preempted from controlling entry into the field of air ambulance service, the commissioner's decision to deny Hiawatha a license is invalid and the court of appeals' decision on this issue is affirmed.

Affirmed.

---

**1.** The Minnesota legislature recently enacted Act of March 24, 1986, ch. 421, 1986 Minn.Laws ——, amending Minn.Stat. §§ 144.802, .804. The act exempts air ambulance service-fixed wing from the hearing and decisional provisions of section 144.802 while maintaining the requirement of compliance with section 144.804, dealing with personnel, training, and equipment.