NORTH MEMORIAL MEDICAL
CENTER, Relator,

v.

MINNESOTA DEPARTMENT OF
HEALTH, Respondent.

No. CX–87–2166.

Court of Appeals of Minnesota.

May 24, 1988.

Konrad J. Friedemann, Michael A. Trittipo, Kent G. Harbison, Gayle C. Hendley–Zappia, Fredrikson & Byron, P.A., Minneapolis, for North Memorial Medical Center.

Hubert H. Humphrey, III, Atty. Gen., Audrey Kaiser Manka, Minneapolis, for Minnesota Dept. of Health.

Heard, considered and decided by SCHUMACHER, P.J., and FOLEY and LOMMEN,* JJ.

## OPINION

SCHUMACHER, Judge.

This is an appeal from the Commissioner of Health's denial of North Memorial's application for a license to extend the service

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

area for its scheduled (i.e. non-emergency) ambulance services. We affirm.

## FACTS

Relator North Memorial Medical Center has operated emergency and non-emergency ambulance service in the metropolitan area for 26 years. North Memorial sought to extend its scheduled non-emergency services beyond its current primary service area to the entire seven county metropolitan area.

On April 16, 1987, North Memorial applied for a license pursuant to Minn.Stat. § 144.801–.804 (1986). The State Health Planning and Development Agency (SHPDA) initially considered the application. After a public hearing, the SHPDA recommended to the Commissioner of Health that the license be granted. The Commissioner reviewed the recommendation and issued a detailed decision denying the application.

At the hearing before the SHPDA, Washington County, Dakota County, and the City of St. Paul submitted letters opposing the application. Hennepin County endorsed the application. The Commissioner reviewed the recommendation of the SHPDA and, pursuant to the standard set forth in Minn.Stat. § 144.802, determined that the license should be denied. North Memorial seeks review of the denial.

## ANALYSIS

■ Administrative decisions are presumed correct, and on review, this court gives deference to the agency's skill, experience and technical expertise. *Crookston Cattle Co. v. Minnesota Department of Natural Resources*, 300 N.W.2d 769, 777 (Minn.1980). The decision of an administrative agency may be reversed if substantial rights of the petitioner have been prejudiced because the administrative findings or conclusions are:

(d) Affected by * * * error of law; or

(e) Unsupported by substantial evidence in view of the entire record as submitted; or

(f) Arbitrary or capricious.

Minn.Stat. § 14.69 (1986). Relator submits that the agency decision should be reversed on all three grounds.

### A. ERROR OF LAW

The Commissioner's decision sets forth findings of fact pursuant to the statutory grounds for the issuance of a license. Minn.Stat. § 144.802 provides that, upon an application for a license, the health systems agency (in this case the SHPDA) shall hold a public hearing, allowing any interested person to be heard and present evidence, and make a written recommendation to the Commissioner.

In making the recommendations, the health systems agency * * * shall consider * * * whether the proposed service * * * is *needed*, based on consideration of the following factors:

(1) the relationship of the proposed service * * * to current health systems and annual implementation plans;

(2) the recommendations or comments of the governing bodies of the counties and municipalities in which the service would be provided;

(3) the duplication, if any, of life support transportation services that would result from granting the license;

(4) the estimated effect of the proposed service * * * on the public health;

(5) whether any benefit accruing to the public health would outweigh the costs associated with the proposed service * * *.

Minn.Stat. § 144.802, subd. 3 (1986)[1] (emphasis added).

Subdivision 4 provides for a balancing test to be used by the Commissioner on review of the agency's recommendations:

In granting or denying a license, the commissioner shall consider the health systems agency recommendations, evidence contained in the application, any

---

1. The statute was amended in 1987 to require that the hearings be conducted by an administrative law judge. That amendment became effective July 1, 1987. The hearing in this case was held on June 17, 1987; therefore, the 1986 statute applies.

hearing record and other applicable evidence, and *whether any benefit accruing to the public health would outweigh the costs* associated with the proposed service, change in base of operations, or expansion in primary service area.

Minn.Stat. § 144.802, subd. 4 (1986) (emphasis added).

In denying the license application, which was contrary to the SHPDA's recommendation, the Commissioner itemized the five need factors of subdivision 3 and applied the balancing test of subdivision 4.

Relative to the need determination of subdivision 3, the Commissioner gave the most weight to two of the five factors: recommendations of local governments and duplication of services.

Regarding local government recommendations, the focus of the Commissioner's decision and of the debate at the hearing was on competition. The Commissioner found that in the area of ambulance license applications, the issue of destructive competition is a pivotal issue in making the need determination.

The Commissioner's analysis correctly reflects the law. The Minnesota Supreme Court has squarely addressed the issue of competition in ambulance services stating:

> We interpret Minn.St. 144.802 to manifest a *legislative intention to protect the public welfare against deleterious competition* in the ambulance services field. The provision embodies a legislative determination that the ambulance service business is one in which the public welfare is not promoted by free enterprise. Ambulance service is essential to a community. It is also a service for which demand is inelastic and expenses largely fixed.

*Twin Ports Convalescent, Inc. v. Minnesota State Board of Health,* 257 N.W.2d 343, 348 (Minn.1977) (footnotes omitted) (emphasis added).

The Commissioner recognized that the legislative intent of § 144.802 was to prevent deleterious competition. Based on the SHPDA's finding that no evidence was presented as to the competitive effect of the proposed license on local ambulance

providers, the Commissioner denied the license.

■ The burden of proof to show that a license should be granted is on the applicant. *In re City of White Bear Lake,* 311 Minn. 146, 150, 247 N.W.2d 901, 904 (1976). In the absence of any evidence regarding the potential effect of the proposed service on other providers in the proposed area of expansion, the Commissioner ran the risk of the new service causing deleterious competition. Because North Memorial failed to meet its burden of showing otherwise, the Commissioner correctly found that there was a risk of deleterious competition.

Next, the Commissioner focused her concern on the third need factor, duplication of services, again relying on the *Twin Ports* rationale.

Based on the factual findings of the SHPDA, the Commissioner found that, within the heavily populated urban area, duplication would cause no significant negative impact on existing services. However, in the outer regions of the seven county area, where service often involves only *one provider,* the duplication would have a negative impact because it may cause deleterious competition. North Memorial made no showing that duplication would be either beneficial or deleterious in the sparsely populated outer areas. It is especially in these outer areas that the demand for services will be generally inelastic. In the face of an inelastic demand, any competition would be deleterious. As stated in *Twin Ports:*

> Where the demand is insufficient to support additional services, either quality is sacrificed or rates and public subsidies increased, but in either event, the taxpayer-consumer suffers.

*Twin Ports* at 348.

North Memorial argues that the evidence presented showed that demand for scheduled ambulance services is increasing. In support, North Memorial refers to the statements made at the hearing that scheduled transportation services at North Memorial have increased 75%. North's present market, however, is *only* the heavi-

ly populated urban area, and not the outer regions where demand is more likely to be static and more likely to involve only one provider. To make an adequate showing of need under the duplication factor, North would need to submit some evidence of an increase in demand in the area into which it seeks to expand its service. In the absence of evidence of an increase in demand, the Commissioner properly noted the fact that the demand in the outer areas is generally inelastic, and concluded that granting North Memorial's license without a showing of an increased demand would risk duplication. Faced with the potential duplication and strong opposition from local government, North failed to meet the need test and did not show a benefit to the public health. Thus, the Commissioner correctly applied the law in denying the license.

## B. UNSUPPORTED BY SUBSTANTIAL EVIDENCE

■ North Memorial argues that the denial of the application was erroneous because it was not supported by *any* evidence, referring to the Commissioner's findings regarding the absence of evidence. For the Commissioner to grant the license, North had the burden of showing need based on five factors. The Commissioner found that North had not submitted evidence of the demand for scheduled services in the proposed area, or of the effect of duplication. The burden is on the applicant to submit evidence of need, which it failed to do. Where the Commissioner's decision is based on an applicant's failure to submit evidence, and the lack of evidence is supported by the record, it is not proper for the applicant to seek reversal on the ground that the decision is not supported by evidence it had the burden to present.

## C. ARBITRARY AND CAPRICIOUS

■ The arbitrary and capricious standard will not be applied to reverse an agency decision unless the decision represents the agency's will and not its judgment, and the decision has no reasonable basis. *Markwardt v. State Water Resources Board,* 254 N.W.2d 371, 374 (Minn.1977).

The Commissioner, in applying the balancing test of Minn.Stat. § 144.802, subd. 4, found that any beneficial effect to the heavily populated areas would be negated by the cost of potential deleterious competition in the outlying, sparsely populated areas. This conclusion is supported by the record and is consistent with the intent of the statute and the policy of *Twin Ports.* Giving proper deference to the expertise and knowledge of the Commissioner, her balancing of the benefits versus the costs will not be reversed as arbitrary or capricious.

North argues that the burden of demonstrating the effect of duplication, as required by the Commissioner, was "impossible." This court has stated in dicta that imposing an impossible burden is an arbitrary decision. *Hiawatha Aviation of Rochester, Inc. v. Minnesota Department of Health,* 375 N.W.2d 496, 502 (Minn.Ct. App.1985), *aff'd on other grounds,* 389 N.W.2d 507 (Minn.1986).

Requiring North Memorial to present evidence as to the effect of duplication on the proposed expanded service area is not an impossible burden. As pointed out by the Commissioner, increasing demand would be relevant to the effect of duplication. To show increase in demand, North could have investigated whether the existing providers in the proposed area of expansion had experienced an increase in demand for scheduled services over, for example, the last 5 years. This information would have enabled the SHPDA and the Commissioner to make a finding as to increased demand, the effect of duplication and competition, and thus need.

## DECISION

The Commissioner's decision denying North Memorial's application for a license to expand its scheduled service area is affirmed.

Affirmed.