ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 20, 2008

David L. Lakey, M.D.  
Commissioner  
Texas Department of State Health Services  
1100 West 49th Street  
Austin, Texas 78756

Opinion No. GA-0684

Re: Whether the federal Airline Deregulation Act preempts the state statute and regulation authorizing an EMS subscription program as applied to air ambulances (RQ-0719-GA)

Dear Commissioner Lakey:

The Department of State Health Services (DSHS or Department) licenses emergency medical service (EMS) providers, including providers operating as an air ambulance service.[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 773.041(a) (Vernon Supp. 2008) (license requirement), .045 (Vernon 2003) (use of aircraft to transport sick or injured). Section 773.011 authorizes a licensed EMS provider to create and operate a subscription program for emergency medical services and directs the DSHS Board to establish minimum standards and rules for the program. *See id.* § 773.011 (Vernon 2003). Section 157.11(*l*) of Title 25, Texas Administrative Code, states the requirements for participation in the subscription program, such as obtaining written authorization from the highest elected official of the political subdivision where subscriptions will be sold. *See* 25 TEX. ADMIN. CODE § 157.11(*l*)(1) (DSHS, Requirements for an EMS Provider License) (Westlaw). Residents of a certain geographical area may join an EMS subscription program for a single annual fee, and the EMS provider will charge them either no fee or a reduced fee for ambulance services. *See* Request Letter, *supra* note 1, at 1.

The DSHS has approved air ambulance providers as well as ground ambulance providers to create and operate subscription programs. *See id.* at 2. Questions have arisen as to whether the federal Airline Deregulation Act of 1978 (ADA), in particular section 41713 of Title 49 U.S.C.A., preempts state requirements for a subscription program as applied to air carriers. You ask whether the ADA preempts the authority of DSHS to regulate prepayment for air ambulance transportation

---

[1]*See* Letter from David L. Lakey, M.D., Texas Department of State Health Services, to Honorable Greg Abbott, Attorney General of Texas, at 1 (June 2, 2008) (on file with the Opinion Committee, *also available at* www.texasattorneygeneral.gov) [hereinafter Request Letter].

by authorizing and regulating a provider's subscription program. *Id.* at 5.[2] Your question focuses on the price aspect of the subscription program, and our answer will be limited to this matter.[3]

The ADA was designed in part to promote "maximum reliance on competitive market forces." *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 378 (1992). To help implement this purpose, it includes the following express preemption provision:

> (b) Preemption.—(1) Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide *air transportation* under this subpart.

49 U.S.C.A. § 41713(b)(1) (West 2007) (emphasis added).

"Air transportation" means "foreign air transportation, interstate air transportation, or the transportation of mail by aircraft." *Id.* § 40102(a)(5) (West 2007). *See also id.* § 40102(a)(2) (defining "air carrier" as "a citizen of the United States undertaking . . . to provide air transportation"). Thus, the ADA applies to interstate carriers, including the intrastate operations of an interstate carrier. *See Hughes Air Corp. v. Pub. Utils. Comm'n of Cal.,* 644 F.2d 1334 (9th Cir. 1981). It does not, however, apply to purely intrastate transportation, as long as mail is not transported. *See SeaAir NY, Inc. v. City of New York,* 250 F.3d 183 (2nd Cir. 2001).

The preemption provision has been applied to air ambulance companies that are air carriers within the ADA definition. *See Hiawatha Aviation of Rochester, Inc. v. Minn. Dep't of Health,* 389 N.W.2d 507, 509 (Minn. 1986) (state preempted from controlling entry into field of air ambulance service); Ariz. Op. Att'y Gen. No. I87-164 (1987) at 1 (ADA preempts state from economic regulation of air ambulances under certificate of necessity statutes); *cf. Air Evac EMS, Inc. v. Robinson,* 486 F. Supp. 2d 713, 723 (M. D. Tenn. 2007) (Federal Aviation Act of 1958 preempts field of aviation safety, including state equipment requirements for air ambulances). *But see Eagle Air Med Corp. v. Colo. Bd. of Health,* 570 F. Supp. 2d 1289, 1293 (D. Colo 2008) (federal proceedings stayed under *Younger v. Harris,* 401 U.S. 37 (1971) abstention doctrine, because judge not persuaded that ADA preempts state regulation of air ambulance service).

---

[2]You also ask whether the ADA preempts the Texas Department of Insurance from regulating an air ambulance subscription program. Health and Safety Code section 773.011 provides that "[t]he Insurance Code does not apply to a subscription program established under this section." TEX. HEALTH & SAFETY CODE ANN. § 773.011(e) (Vernon 2003). The Department of Insurance has no authority to regulate ambulance subscription programs, and accordingly there is no statute or regulation to which the federal preemption provision might apply.

[3]We do not address the health care services provided by air carriers operating as air ambulances, except to note that to the extent this matter has been addressed, the ADA has been held not to apply to state regulation of health care services provided on air ambulances. *See Hiawatha Aviation of Rochester, Inc. v. Minn. Dep't of Health,* 389 N.W.2d 507, 509 (Minn. 1986); Ariz. Op. Att'y Gen. No. I87-164 (1987) at 2.

In *Morales v. Trans World Airlines, Inc.*, the United States Supreme Court held that the ADA expressly preempts state restrictions on the content and format of airline fare advertising. *See Morales*, 504 U.S. at 391. The court, giving a broad construction to the term " related to" in section § 41713(b)(1), determined that the ADA preempted "[s]tate enforcement actions having a connection with or reference to airline 'rates, routes, or services.'" *Id.* at 384. It found that the state restrictions would have a significant impact upon airline fares. *See id.* at 391.

Section 41713(b)(1) will preempt the DSHS regulation authorizing the subscription program as applied to air ambulances if the regulation is "related to a price" of an air carrier. 49 U.S.C.A. § 41713(b)(1) (West 2007). "'Price' means a rate, fare, or charge." *Id.* § 40102(a)(39). According to your description, a subscription program involves an annual fee and a reduced charge for air ambulance services. *See* Request Letter, *supra* note 1, at 1. The regulation of the subscription program is related to the price of air ambulances services. We conclude that section 41713(b)(1) preempts section 773.011 and the subscription program requirements in rule 157.11(*l*) to the extent these provisions relate to rates charged by air carriers providing air ambulance services.

You also ask whether the ADA preempts DSHS from regulating any aspect of an EMS subscription program using both ground vehicles and air ambulances. *See* Request Letter, *supra* note 1, at 5. In *Federal Express Corp. v. California Public Utilities Commission,* the court found that the predecessor of section 41713(b)(1) applied to trucks operated by Federal Express, which operated numerous aircraft as an "all-cargo" air carrier, carrying no passengers. *See Fed. Express Corp. v. Cal. Pub. Util. Comm'n*, 936 F.2d 1075, 1076 (9th Cir. 1991). Trucks were an essential component of the system, routinely transporting packages that did not fit on the plane and providing an alternative mode of transportation if weather or mechanical problems delayed the aircraft. *See id.* at 1076–77. The court also relied on the ADA provision stating that the Secretary of Transportation should consider "encouraging and developing an expedited all-cargo air transportation system." 49 U.S.C.A. § 40101(b)(1) (West 2007) (formerly 49 U.S.C.A. § 1302(b)(2)); *see Fed. Express Corp.,* 936 F.2d at 1079. The court stated that Federal Express was exactly the kind of expedited all-cargo service that Congress specified. *See Fed. Express Corp.,* 936 F2d at 1079. The Federal Express trucks were an essential part of the all-cargo air service, and state regulation of trucking operations was preempted. *See id.; see also Chouest v. Am. Airlines, Inc.*, 839 F. Supp. 412, 417 (E.D. La. 1993) (distinguishing *Federal Express* case in several ways from action concerning state law tort and contract remedies for personal injury sustained during ground transportation provided as part of airline vacation package).

*Federal Express* indicates that ADA preemption should apply to ground ambulances owned and operated by an air carrier to transport subscription program members if ground ambulance transportation is an integral part of the air transportation service. *See Fed. Express,* 936 F.2d at 1077; *but see Chouest,* 839 F. Supp. at 416-17 (ground transportation not shown to be integral to air transportation services), *In re Rochester Ambulance Serv.,* 500 N.W.2d 495, 500 (Minn. App. 1993) (no preemption of state regulation of ground ambulances operated by an air ambulance company because air service and ground service were not an integrated whole, in that neither service was necessary to the continued operation of the other). We cannot determine as a matter of law whether transportation by ground ambulance is an integral part of an air transportation service, such

that the subscription program is preempted for the ground transportation. *See* Tex. Att'y Gen. Op. No. GA-0459 (2006) at 3–4 (fact questions cannot be investigated and resolved in an attorney general opinion). Accordingly, DSHS must determine whether the ADA preempts its regulation of an EMS subscription program applicable to ground ambulance transportation provided by a specific company that also operates air ambulances.

## S U M M A R Y

Pursuant to section 157.11(*l*) of Title 25, Texas Administrative Code, emergency medical service providers may establish a subscription program allowing members a reduced rate for air ambulance services. Because section 157.11(*l*) relates to charges for air ambulance services, the federal Airline Deregulation Act of 1978 (ADA) preempts it as to air carriers providing interstate air ambulance services. The ADA preempts the state regulation as applied to a ground ambulance operated as an integral part of an air ambulance service.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee